*PH*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]


RECEIVED

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

DL MAY 14 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Jayme M. Kalka )
)
_____ )
)
Plaintiff(s), )
)
v. Sixflags Great America )
)
_____ )
)
Defendant(s). )

**1:18-cv-03430**
**Judge Elaine E. Bucklo**
**Magistrate Judge Young B. Kim**

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1.  This is an action for employment discrimination.

2.  The plaintiff is Jayme Marie Kalka of the county of Milwaukee in the state of Wisconsin.

3.  The defendant is Sixflags Great America, whose street address is 542 IL-21, (city) Gurnee (county) Lake (state) Illinois (ZIP) 60031 (Defendant's telephone number) (847-249-1776 ext 6370

4.  The plaintiff sought employment or was employed by the defendant at (street address) 542 IL-21 (city) Gurnee (county) Lake (state) Illinois (ZIP code) 60031

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.      The plaintiff [*check one box*]

(a)  ☐     was denied employment by the defendant.

(b)  ☒     was hired and is still employed by the defendant.

(c)  ☐     was employed but is no longer employed by the defendant.

6.      The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) April , (day) 9th , (year) 2017 .

7.1     *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a)    The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has*  ☐*has not* filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the

following government agencies:

(i)     ☒ the United States Equal Employment Opportunity Commission, on or about

(month) Sept (day) 20th (year) 2017 .

(ii)    ☐ the Illinois Department of Human Rights, on or about

(month)_____ (day)_____ (year)_____ .

(b)    If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2     The defendant is a federal governmental agency, and

(a)     the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

    ☐ Yes (month)_____ (day)_____ (year) _____

    ☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

    (i) Complaint of Employment Discrimination,

        ☐ Yes    ☐ No, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

        ☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) APRIL (day) 23RD (year) 2018 a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12.    The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): SUSPENDED me FOR 8 days FOR a

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Drug test Result for Amphetamines, despite the fact they admitted to Recieving the documentation from my doctor 3 months PRior to the suspension

13. The facts supporting the plaintiff's claim of discrimination are as follows:

See Attatched statement

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): Not allowed to make any settlement offering, or Monetary damages awarded

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Either thru Settlement or by a Jury Contingent on my Job, or because of these proceeding Regardless of Monetary Value awarded, Pay substantial monetary damages for Emotional distress, 3 other damages, Immediate "see additional Page"

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

(Plaintiff's name)

Jayme Marie Kalka

(Plaintiff's street address)

6663 S. Whitnall Edge Road

(City) Franklin          (State) WI     (ZIP) 53732

(Plaintiff's telephone number) (414) - 236-2126

Date: 05/14/2018

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

16 F "Continued Reinstatement of my counter Rights, a National Public apology for the way they have been treating me, My Employer may not Retaliate OR cause Negative Consequences for anyone who was a witness for me & is still currently Employed by the defendant. (Six Flags Great America)

On March 16th, 2017; I started my employment at Six Flags Inc, DBA Six Flags Great America (employer) as a cashier. I also informed them on the date of hire, that I am severely allergic to bee stings and peppers so I must carry an epipen with me at all times. I advised them about my disabilities and requested reasonable accomodations.

On March 24th, 2017; I provided my employer with a doctor's note stating I was to have a 30lbs weight restriction and that I am prescribed certain controlled substances that will show up positive on a drug test.  Although my request for the weight restriction was approved, my employer began to complain about the amount of assistance I required.

On April 9th, 2017; I had my on the job department training ( also known as the dry run) and shortly after arriving at my unit ( totally kickin chicken) my manager Tina Hiller informed me that the buffalo sauce used for the chicken has cayenne in it so we immediately informed area supervisor John Morales of this and preparations were made to transfer me to funnel cake foundry which then became my assigned unit.  However, while on break I ended up coming into contact with peppers and had to be taken to the hospital so I never completed the cash handling portion for that day's training, or any day there after.

On May 14th,2017; I was taken to loss prevention to discuss why my drawer was short from the day before. During the interview with loss prevention, I did not complete all three cash handling trainings we are allowed due to leaving in the middle of the dry run on April 9th, n2017; due to being treated for an allergic reaction. At that point I requested the additional training so I would have complete the three cash handling trainings, so I would be properly trained but was denied and instead my cash handling rights were taken from me permanently.

On June 22nd, 2017; I was accompanied down to first aid because I was suspected to be under the influence of illegal substances, which was incorrect. I had taken some Xanax because I was starting to have a panic attack. Upon arriving at first aid, the manager asked me if I had taken anything and I had told her all I took was my Xanax, which I have a valid prescription for and proceeded to show her the bottle. I volunteered to take a drug test to prove I wasn't under the influence of anything illegal. The manager agreed so I then provided the sample, which was initially tested on site, however because it came back non negative for amphetamines they needed to send it out for further analysis. I was suspended pending the results, even though first admitted to receiving the paperwork from my doctor dated March 24th, 2017; stating I am medically prescribed an amphetamine. I was treated disrespectfully and humiliated, being asked to clean out my locker and escorted off the grounds. When I told them I couldn't drive with Xanax in my system they told me either I left or I would be arrested for trespassing. I was reinstated June 30th, 2017; but was never reimbursed for the time lost as a result of the suspension, until March of 2018 and only after I emailed my response to the EEOC investigator stating that I could prove that my employer had in fact not reimbursed me as alleged in their response to the charges I filed with the EEOC. Please note the EEOC charge number is as follows: 443-2017-01300.

I find it suspicious that it took my employer over 60 days to make any effort in reimbursing me for the wages owed for the 8 days I was suspended. Despite proving clear and convincing evidence my employer made no effort until the end of March, 2018; when I received a phone call from Kaylee Amodia to come in and sign payroll adjustment papers so I could finally be reimbursed for the lost wages due to the work suspension, which never should have occurred in the first place.

When I returned to work I was subjected to different conditions of employment having my scheduled work hours reduced to the point of me hardly being on the schedule.   After returning to work I was still being exposed to my pepper allergy at locations they would send me to cover for co workers who were on break, including the area where the nachos were prepped. On several

occasions I had allergic reactions and my employer started complaining about this and they began reducing my hours to the point where there would be one to two months or more that I wasn't on the schedule.  Despite my objections my employer continued to send me to places were my allergies would be triggered. There was even an incident where my area supervisor John Morales had to inject me with my epipen and I was then taken to the hospital.

In October of 2017; I gave my employer updated restrictions from my doctor stating I be allowed to sit the entire shift that I was scheduled for. The request the was intitially honored, however later that night my department supervisor Andre told me that my hours for that weekend were going to be changed because he " wasn't going to pay to have me on the schedule a full six to eight hours when I can't properly fulfill my job duties as required", even though I proved to him I am more than capable of fulfilling my job duties as required even with my restrictions. My unit supervisor Shamaria Scott is a direct witness to Andre having made this statement.

It is a direct result of these traumatic events that caused me to lose my place of residence and seriously compromised both my physical and mental health.

Clearly my employer has not changed their behavior, in 2017 I was left off the schedule for one to two months or more and except for trainings, I have yet to be put on the schedule, which as of now is completed thru the first week in June 2018, and the weekend operation for the 2018 season began April 21st, 2018; with daily operations commencing next week on the 22nd.

On May 11th, 2018; I contacted my department and I was told that I am not on the schedule due my allergies and would be transferred to another department, had I not contacted my department I would not have been informed of the changes to my work status.

So it is for these reasons I respectfully request this complaint move forward against my employer.


Jaime Marie Kalka

6663 S. Whitnall Edge Road


Franklin, Wisconsin 53132